UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO L. CASTILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>RESIDENTIAL MANAGEMENT (NY), INC., 33-33 82ND ST. OWNER'S CORP., and SAM BECKER<br><br>Defendants. | Index No.<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**<br><br>**JURY TRIAL**<br><br>**DEMANDED** |

Plaintiff FERNANDO L. CASTILLO, by and through his attorneys, on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, unpaid wages, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also bring this action, on behalf of himself and other employees similarly situated, to remedy violations of the New York State Labor Law, Plaintiff seeks, for himself and all other similarly situated employees, statutory damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

1

## JURISDICTION AND VENUE

3.     Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.     Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

6.     Plaintiff FERNANDO L. CASTILLO ("Plaintiff") resides in the County of Queens in the State of New York.  At all relevant times, Plaintiff was employed by Defendants as a superintendent, as described herein, for approximately 15 years. Plaintiff remains employed by Defendants however, Plaintiff has not been able to work due to a workplace injury on August 19, 2016.

7.     Plaintiff's written consent to sue is attached hereto as Exhibit "A"

8.     Defendant RESIDENTIAL MANAGEMENT (NY), INC., is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 1651 Coney Island Avenue, 4th Floor, Brooklyn, NY, 11230.

2

9. Defendant 33-33 82ND ST. OWNER'S CORP., is a New York State domestic corporation licensed to do business in the State of New York, with its principal office and place of business at 1651 Coney Island Avenue, 4th Floor, Brooklyn, NY, 11230.

10. Defendant SAM BECKER ("Defendant Becker") is the chairman/chief executive officer, manager and/or operator of Defendant RESIDENTIAL MANAGEMENT (NY), INC., Defendant Becker has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

11. Defendant SAM BECKER ("Defendant Becker") is the chairman/chief executive officer, manager and/or operator of Defendant 33-33 82ND ST. OWNER'S CORP., Defendant Becker has, and at all relevant times had, and exercised, the power to hire, fire, and control the wages and working conditions of the Plaintiff.

12. Defendants RESIDENTIAL MANAGEMENT (NY), INC. and SAM BECKER are herein collectively referred to as "Defendants".

13. Corporate Defendants gross more than $500,000.00.

14. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants have employed "employee[s]", including Plaintiff, each of the FLSA Collective Plaintiffs and the Class Members.

15. At all relevant times, Defendant 33-33 82ND ST. OWNER'S CORP. has been, and continues to be an "employer" engaged in interstate "commerce" and/or in the

3

"production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendant 33-33 82ND ST. OWNER'S CORP. employed "employee[s]", including Plaintiff.

## FACTUAL ALLEGATIONS

16.    Defendants operate a residential property management corporation, controlling over 60 residential buildings.

17.    Defendant 33-33 82ND ST. OWNER'S CORP. controls, owns, and/or operates a residential property located at 33-33 82nd Street, Flushing, NY, 11372.

18.    At all times relevant hereto, Defendants employed Plaintiff, the FLSA Collective Plaintiffs and the Class Members as non-exempt superintendents.

19.    At all times relevant hereto, Defendant 33-33 82ND ST. OWNER'S CORP. employed Plaintiff as a non-exempt superintendent.

20.    Plaintiff's job duties included, but not limited to, cleaning the building's hallways and common areas, confirming that the water and boiler are is working, fixing leaks including sink and toilet leaks, and making house calls to fix issues within the residences.

21.    Defendants and Defendant 33-33 82ND ST. OWNER'S CORP. scheduled Plaintiff to work- and Plaintiff worked- 5 days a week, Monday through Friday, from 8am to 5pm. Thus, Defendants scheduled Plaintiff to work 45 hours per work week.

22.    Additionally, between two and three times a week, Plaintiff would spend an average of 45 minutes fixing issues in individual residences'.

4

23. Additionally, almost every weekend, Plaintiff worked between two and three hours on either both or one day of the weekend.

24. Defendants similarly scheduled the FLSA Collective Plaintiffs to work over 40 hours per work week.

25. Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of 40 hours a work week.

26. From approximately 2014, Defendants initiated a plan and policy that required Plaintiff to sign time sheets indicating he worked only 40 hours per work week. However, these time sheets do not accurately reflect Plaintiff's actual working time as described herein.

27. Defendants and Defendant 33-33 82ND ST. OWNER'S CORP. paid Plaintiff $800 bi-weekly, $23.07 bi-weekly towards Plaintiff's phone bill, and provided an apartment for Plaintiff to be on call- below the overtime rate of one and one-half times the regular hourly rate as required by law for all hours worked in excess of forty (40) hours per week.

28. Defendants paid Plaintiff and the FLSA Collective Plaintiffs approximately $800 bi-weekly.

29. Defendants did not pay Plaintiff and the FLSA Collective Plaintiffs an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

30. Defendant 33-33 82ND ST. OWNER'S CORP. did not pay Plaintiff and the an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

31. Defendants failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.

32. Upon information and belief, Defendants violated NYLL § 195(3) by failing to furnish Plaintiff and the Class Members with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

33. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Defendants knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that they violated the FLSA.

34. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings the First Claim for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time as a superintendent, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

36. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decision, policy, plan,

6

practice, procedure, routine and rules to willfully fail and refuse to pay them the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

37.    Other superintendents currently or formerly employed by Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees including superintendents to receive notice of the action and allow them to opt in to such an action if they so choose.

38.    The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

39.    Plaintiff brings the Second Claim for Relief pursuant to CPLR Article 9, to recover statutory damages on behalf of all individuals employed in the State of New York by Defendants as superintendents, at any time from April 9, 2011 (the "Class Period"). All said persons, including Plaintiff, are referred to as the "Class Members" and/or the "Class".

40.    The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendants. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them,

7

are also determinable from Defendant's records. Notice can be provided by means permissible under CPLR Article 9.

41. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is presently within the sole control of Defendants, Plaintiff believes that through discovery he will obtain evidence to establish that there are at least forty members of the Class.

42. Plaintiff's claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendants, in that they were not provided with wage statements as required by NYLL § 195. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member.

43. Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures caused by Defendants violations of the NYLL.

44. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained Naydenskiy Law Group, P.C., an experienced employment and class and collective action litigation firm.

45. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a

lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

46. Upon information and belief, employees of the Defendants are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment. A class action provides Class Members who are not named in the Complaint a degree of

anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

47.     The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: whether Defendants provided Class Members with sufficiently detailed wage statements as required by NYLL § 195(3).

48.     Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the NYLL.

## FIRST CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

49.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

50.     Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

51.     At all relevant times, Defendants willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

52.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

53.    Because Defendant's violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

## SECOND CLAIM FOR RELIEF
### (Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Himself and the Class Members)

54.    Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

55.    Defendants failed to supply each Plaintiff and the Class Members with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

56.    Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover damages as provided for by NYLL § 198(1)-d, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, pray for relief as follows:

11

(a)     Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b)     Certification of this action as a class action;

(c)     Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d)     An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendants;

(e)     Costs of action incurred herein, including expert fees;

(f)     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g)     Pre-Judgment and post-judgment interest, as provided by law; and

(h)     Such other and further legal and equitable relief as this Court deems necessary, just and proper.


## JURY DEMAND

Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs and the Class Members, demands a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

12

Dated: September 30, 2016

Respectfully submitted,

NAYDENSKIY LAW GROUP, P.C.

Gennadiy Naydenskiy (GN5601)
1517 Voorhies Ave, 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorney for Plaintiff, Proposed Collective
Action Plaintiffs and Proposed Class
Members*

13

# EXHIBIT A

14

I am a current or former employee of RESIDENTIAL MANAGEMENT (NY), INC., 33-33 82ND ST. OWNER'S CORP., SAM BECKER, and/or related entities/individuals.  I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 27 day of SEPT. , 2016.

_____
Signature

FERNANDO L. CASTILLO
_____
Full Legal Name (print)