**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FERNANDO L. CASTILLO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

RESIDENTIAL MANAGEMENT, (NY), INC., 33-33 82ND ST. OWNER'S CORP., and SAM BECKER,

Defendants.

**Index No. 16-cv-5460 RRM-ST**

**ANSWER**

Defendants Residential Management, (NY), Inc., 33-33 82nd St. Owner's Corp., and Sam Becker (collectively, "Defendants"), by and through its undersigned attorneys, Greenwald Doherty LLP, state as their Answer to Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

1. Paragraph 1 of the Complaint is a statement of Plaintiff's legal claims to which no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint is a statement of Plaintiff's legal claims to which no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. Defendants admit that the Court has jurisdiction over this action.

4. Defendants admit the Court has discretion to exercise supplemental jurisdiction over the NYLL claims.

1

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. Defendants admit that Plaintiff worked at various times for Defendant 33-33 82nd St. Owner's Corp., but deny all other allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint refers to a document, which speaks for itself.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint does not contain any allegations and no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint is a legal conclusion to which no response is required. To the extent this paragraph contains any factual allegations, Defendants deny the allegations in paragraph 14.

15. Defendants admit only that Defendant 33-33 82nd St. Owner's Corp. employed the Plaintiff. The remaining allegations of Paragraph 15 of the Complaint are statements of Plaintiff's legal claims to which no responsive pleading is required. To the extent that the remainder of this paragraph makes factual allegations, Defendants deny any additional factual allegations contained in Paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

16. Defendants deny the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint, except admit only that 33-33 82nd St. Owner's Corp. operates and manages a residential property as an aspect of its business.

18. Defendants admit only that Plaintiff was employed by 33-33 82nd St. Owner's Corp., but deny the remaining allegations in Paragraph 18 of the Complaint.

19. Defendants admit that 33-33 82nd St. Owner's Corp. employed the Plaintiff, but deny all other allegations in Paragraph 19 of the Complaint.

20. Defendants admit only that Plaintiff's duties included performing maintenance and repair work inside of the walls of the building and outside of the apartments in this co-op building, but deny all other allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

35. Paragraph 35 of the Complaint is a statement of Plaintiff's legal claims to which no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 35 of the Complaint.

36. Paragraph 36 of the Complaint is a statement of Plaintiff's legal claims to which no responsive pleading is required. Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint is a statement of Plaintiff's legal claims to which no responsive pleading is required. Defendants deny any factual allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 is a conclusion of law to which no responsive pleading is required. To the extent this Paragraph contains any factual allegations, Defendants deny knowledge or information as to determine the truth of the factual allegation contained in Paragraph 38 of the Complaint.

## **RULE 23 CLASS ALLEGATIONS – NEW YORK**

39.     Paragraph 39 is a conclusion of law to which no responsive pleading is required. To the extent this Paragraph contains any factual allegations, Defendants deny any factual allegations contained in Paragraph 39 of the Complaint.

40.     Paragraph 40 is a conclusion of law to which no responsive pleading is required. To the extent this Paragraph contains any factual allegations, Defendants deny any factual allegations contained in Paragraph 40 of the Complaint.

41.     Paragraph 41 is a conclusion of law to which no responsive pleading is required. To the extent this Paragraph contains any factual allegations, Defendants deny any factual allegations contained in Paragraph 41 of the Complaint.

42.     Paragraph 42 is a conclusion of law to which no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 42 of the Complaint.

43.     Paragraph 43 is a conclusion of law to which no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 43 of the Complaint.

44.     Paragraph 44 is a conclusion of law to which no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 44 of the Complaint.

45.     Paragraph 45 is a conclusion of law to which no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 is a conclusion of law to which no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 is a conclusion of law to which no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 47 of the Complaint.

48. Paragraph 48 is a conclusion of law to which no responsive pleading is required. To the extent this paragraph makes factual allegations, Defendants deny any factual allegations contained in Paragraph 48 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

49. Defendants repeat, reiterate and re-aver their prior responses to Paragraphs 1 through 48 of this Answer, as if fully stated herein.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint is a conclusion of law to which no responsive pleading is required. Additionally, Defendants lack knowledge or information sufficient to form a belief as to whether the same is true of the other individuals whom Plaintiff alleges were similarly situated to him. To the extent this Paragraph contains any factual allegations, Defendants deny each and every factual allegation contained in Paragraph 52 of the Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

6

**SECOND CLAIM FOR RELIEF**
**(Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of**
**Himself and the Class Members)**

54.     Defendants repeat, reiterate and re-aver their prior responses to Paragraphs 1 through 53 of this Answer, as if fully stated herein.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

**PRAYER FOR RELIEF**

Defendants hereby deny any and all allegations not specifically admitted herein including, but not limited to, any allegations set forth in Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative and other defenses, which they have designated, collectively, as "affirmative defenses." Defendants' designation of its defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any element of his causes of action. Defendants also expressly deny the existence of any alleged putative group of persons or "aggrieved employees" that Plaintiff purports to represent in this lawsuit. Defendants incorporate (as if fully set forth therein) this express denial each and every time it references "Plaintiff."

**First Affirmative Defense**

The Complaint and each and every claim alleged therein fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claims for damages, in whole or in part, are barred because Plaintiff has failed to mitigate his damages.

7

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because actions taken in connection with Plaintiff's compensation were done in good faith and in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and/or written and unwritten administrative practices or enforcement policies of the federal and/or state Labor Departments.

### Fifth Affirmative Defense

Plaintiff cannot establish that Defendants engaged in willful conduct within the meaning of applicable laws.

### Sixth Affirmative Defense

Plaintiff is not entitled to recover any costs of this proceeding or attorneys' fees from Defendants.

### Seventh Affirmative Defense

Plaintiff's claims are barred to the extent Plaintiff released the claims and damages sought and/or acknowledged an accord and satisfaction and/or release of any claim asserted in the Complaint and/or by the doctrine of setoff.

### Eighth Affirmative Defense

In calculating overtime liability, if any, Defendants are entitled to the exclusion of all time spent on preliminary or postliminary activities excludable from hours worked under applicable laws.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the equitable doctrines of unclean hands, estoppel, waiver and/or laches.

### Tenth Affirmative Defense

The Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has been fully compensated for any wages due and owing from Defendants.

### Twelfth Affirmative Defense

Should Plaintiff file a claim for bankruptcy and fail to list a wage claim against Defendants as a potential asset in bankruptcy filings, Plaintiff is barred from pursuing his wage claims for lack of standing, or under the doctrines of judicial estoppel.

### Thirteenth Affirmative Defense

Any damages suffered were the result of Plaintiff's failure to comply with the reasonable expectations of Defendants and/or follow Defendants' reasonable instructions and/or policies.

### Fourteenth Affirmative Defense

Some or all of the hours worked by Plaintiff and claimed as unpaid were *de minimis* and do not qualify as compensable hours worked under applicable laws.

### Fifteenth Affirmative Defense

Plaintiff's claims for failure to provide accurate itemized wage notices and wage statements fail to the extent there were no underlying violations of the New York Labor Laws.

### Sixteenth Affirmative Defense

To the extent Plaintiff is entitled to any additional compensation, which Defendants deny, such additional compensation must be offset by the amount of any compensation and/or other monies Plaintiff received from Defendants in excess of the compensation to which he was legally entitled for work performed, including but not limited to hours paid for time in which no work was performed, and/or any monies previously paid to Plaintiff.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by an exemption from overtime or minimum wage requirements under applicable laws.

### Eighteenth Affirmative Defense

Plaintiff seeks, in whole or in part, double recovery through the claims stated in their complaint.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because he failed to exhaust his administrative remedies, administrative perquisites or other procedural conditions precedent to the commencement of an action.

### Twentieth Affirmative Defense

Plaintiff has failed to set forth a basis and/or failed to demonstrate the grounds necessary for certification of a class or collective action.

### Twenty-First Affirmative Defense

To the extent that the Court allows the proposed collective action to go forward, and Plaintiff to act as a representative, Defendants hereby specifically reassert the prior affirmative defenses and reserve the right to file and assert any and all additional affirmative defenses that

may apply to additional opt-ins, and/or members of the putative collective or putative Rule 23 class, based on knowledge and/or information to justify a belief therein. Defendants may have additional defenses that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not yet concluded. Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**Twenty-Second Affirmative Defense**

**WHEREFORE**, Defendants respectfully request that the Court dismiss the Complaint in its entirety, with prejudice, and award Defendants costs, fees and disbursements, including reasonable attorneys' fees and disbursements, incurred in its defense of this action, together with such other relief as this Court deems just and proper.

Dated: November 21, 2016
Orangeburg, New York

GREENWALD DOHERTY LLP

By:    /s/ *Roy D. Goldberg*
Roy D. Goldberg, Esq.
30 Ramland Road, Suite 201
Orangeburg, New York 10962
Telephone: (845) 589-9300
Facsimile: (845) 638-2707
*Attorney for Defendants*

To:
Gennadiy Nayenskiy (GN5601)
NAYDENSKIY LAW GROUP, P.C.
1517 Voohies Ave., 2nd Fl.
Brooklyn, NY 11235
(718) 808-2224
naydenskiylaw@gmail.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2016, the foregoing document was filed with the the Clerk of the U.S. District Court, Eastern District of New York and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

Gennadiy Nayenskiy
NAYDENSKIY LAW GROUP, P.C.
1517 Voohies Ave., 2nd Fl.
Brooklyn, NY 11235
naydenskiylaw@gmail.com

Dated:  November 21, 2016
Orangeburg, New York

GREENWALD DOHERTY, LLP:

/s/ *Roy D. Goldberg*

Roy D. Goldberg, Esq.
RG@GreenwaldLLP.com
30 Ramland Road, Suite 201
Orangeburg, New York 10962
Telephone: (845) 589-9300
Facsimile: (845) 638-2707